*Fisk, Green, for appellant.*

*Drane, for appellees.*

---

J. H. JAMES ET AL. *v.* J. M. JAMES.

J. M. JAMES *v.* J. H. JAMES, ET AL.

**Pleading—Presumption—Change of Position as Parties.**

Where it does not appear that the names of certain plaintiffs were stricken out and inserted as defendants by any one than themselves, it must be presumed that the change of their position on the record was made with their consent.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 21, 1873.

OPINION BY JUDGE HARDIN:

As to the first supposed error, that Hill and wife were not parties before the court, it is deemed sufficient to say that as the order striking out their names as plaintiffs and making them defendants does not appear to have been made at the instance of any one else than themselves as co-plaintiffs, we must presume the change in their position on the record was made with their assent; and they did not thereby cease to be parties before the court.

The private settlement between J. M. and D. L. James, of May 1, 1861, as well as all the other evidence on which the commissioner and the court based their adjustment of the administrator's accounts, seems to have been competent and properly considered, except the two ex parte county court settlements, which were made during the pendency of the suit, when the jurisdiction of the circuit court operated to ·exclude that of the county court to make the settlements, which were therefore incompetent as evidence to sustain either the charges or credits allowed in the commissioner's report and judgment. As this must materially affect the judgment prejudicially to the appellants, the heirs of D. L. James, the judgment must, for that reason, be reversed. We perceive no other available errors in the judgment except as to the sums adjudged to Turner and Apperson, as to which there was no sufficient pleading.

Wherefore the judgment is, for the reasons indicated, reversed on both appeals and the cause remanded for further proceedings not inconsistent with this opinion.

*Holt, for appellants.*

*Turner, for appellees.*